IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN FERRELL and
MELISSA FERRELL,
his wife,

       Plaintiffs,

v.                                    Civil Action No. 5:05CV115
                                                    (STAMP)
LARAY TYRONE BROOKS and
ARCH INSURANCE COMPANY,
a foreign corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THE PARTIES' JOINT MOTION TO BIFURCATE
AND STAY THE PLAINTIFFS' CLAIM
PENDING THE RESOLUTION OF THE COVERAGE ISSUE**

I. Procedural History

The plaintiffs brought a suit in the Circuit Court of Brooke County, West Virginia, against Laray Tryone Brooks ("Brooks") and Arch Insurance Company, alleging breach of contract, common law bad faith and violations of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(9)(d). The parties assert that the plaintiffs settled with the insurers for Brooks, however this court has not received a request for dismissal of Brooks or any dismissal order filed in the Circuit Court of Brooke County.

Arch Insurance Company timely removed the case to this Court on the grounds that diversity of citizenship exists and the amount in controversy exceeds $75,000.00. On June 19, 2006, the parties filed a joint motion to bifurcate and stay the plaintiffs' claims

pending the resolution of the issue of insurance coverage. Because this Court finds that bifurcation is appropriate, the parties' joint motion is hereby granted.

## II. Facts

On September 23, 2005, this Court granted a scheduling order in the above-styled civil action. This civil action arose from a automobile accident that occurred on January 6, 2004. Larry Brooks was operating a motor vehicle when he struck a pedestrian directing traffic on the bridge as a result of a previous motor vehicle accident. The pedestrian was Kevin Ferrell, a volunteer fireman with the Mud River Volunteer Fire Department. Arch Insurance Company insured the Mud River Volunteer Fire Department under an Emergency Services Insurance Package Policy.

The plaintiffs brought this action for breach of contract for underinsured motorists coverage and medical payment coverage under the insurance policy issued to Mud River Volunteer Fire Department by Arch Insurance Company. Arch Insurance Company has denied that there is any such insurance coverage available to the plaintiffs under the policy of insurance issued to the Mud River Volunteer Fire Department. The plaintiffs seek compensatory damages, pre-judgment and post-judgment interest, costs, attorney's fees and punitive damages.

### III. Applicable Law

Federal Rule of Civil Procedure 42(b) states in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). It is within a court's discretion to determine whether bifurcation is appropriate under Rule 42(b). Light v. Allstate Ins. Co., 506 S.E.2d 64 (W. Va. 1998).

### IV. Discussion

The parties jointly request that this Court enter an order bifurcating and staying all of the plaintiffs' claims against Arch Insurance Company except for the coverage issue as to whether there is any underinsured motorists coverage and/or medical payments coverage available to the plaintiffs for their injuries and damages arising from the motor vehicle accident on January 6, 2004 under the policy of insurance issued to the Mud River Volunteer Fire Department by Arch Insurance Company. Specifically, the parties request that the plaintiffs' claims for bodily injury and loss of consortium as well as the alleged violations of the West Virginia Unfair Claims Settlement Practices Act be stayed pending the resolution of the coverage issue.

Upon review, this Court agrees with the parties that bifurcation and stay of the bodily injury, loss of consortium and bad faith claims is necessary. First, judicial economy would greatly be served through bifurcation and stay of these claims. Resolution of these claims hinges on the determination that Arch Insurance Company violated the terms of the policy. Thus, it is in the best interest of the parties and this Court to resolve the coverage dispute before proceeding to the bad faith claims. Moreover, there is a strong potential for unfair prejudice to Arch Insurance Company if the plaintiffs are permitted to argue that the elements of bad faith to a jury during the same proceedings in which the parties address the contractual claims.

## V. Conclusion

For the reasons stated above, the parties' joint motion to bifurcate and stay the plaintiffs' claim being the resolution of insurance coverage is hereby GRANTED. The parties shall proceed with the current scheduling order's dates for discovery and dispositive motions only as to the issue of insurance coverage. The other dates provided in the scheduling order including the pretrial conference and trial date are hereby VACATED. Discovery regarding the plaintiffs' claims for bodily injury, loss of consortium and bad faith claims are hereby STAYED pending the resolution of the contractual claim. If the parties resolve the coverage claim, they shall notify this Court as soon as possible.

If necessary, after the coverage claims are resolved, this Court will enter a scheduling order for the plaintiffs' other claims.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   June 30, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE